Landon, J.
I think this judgment must be reversed upon the facts. The evidence required the fact to be found, that as a condition precedent to the defendants Stout giving their bond for $4,000 to the executors of the estate of Gideon Wales for the benefit of the plaintiff and*others, the executors were to invest said sum of $4,000 with the defendants. Such investment has not been made. This judgment directs the defendants Stout to execute the bond, but does not direct the executors to make the investment of $4,000, which was to be the consideration thereof.
This action was brought to enforce the specific performance of a contract made by the defendants Stout, to induce the settlement of two actions, and by the aid of which, or in consideration'of which, they were consolidated and settled, and a decree entered therein. The Stouts were not parties to either action. The actions thus settled were brought, one by this plaintiff, and the other by his father, Henry Wales, against the executors of the last will and testament of Gideon Wales, deceased, and others, both having for their purpose an accounting by such executors, to the end that the amount of one-tenth of said estate, as to which both plaintiffs were beneficiaries under the will, might be ascertained, and be then set apart for the benefit of said plaintiffs, as by the will directed. The executors had not done their duty, but were using the estate in continuing the tanning business in much the same manner as Gideon Wales in his lifetime had done. The defendants Stout were the patrons of Gideon Wales in his lifetime and of these executors afterwards, and were large creditors of both, and they were doubtful as to getting their full pay, and their *300 interests seemed to require the continuance of the business which would be broken up by these two suits for an accounting. They actively promoted the settlement upon which the decree was entered, fixing the one-tenth interest of the plaintiffs at $4,000 and they agreed to give the bond mentioned in the decree. The question of fact is, did they agree to give such bond, without receiving from the executors or others the $4,000, or anything representing it. The referee found that they did, and therein I think erred.
The documentary evidence seems to be conclusive.
First. The parties to the two actions entered into a stipulation in which the terms of the settlement are stated. This stipulation recites; “That one-tenth part of the estate of Gideon Wales, deceased, be and the same is hereby estimated at the sum of $4,000, and that a decree, be entered that the said sum be invested for the benefit of the said Charles W. Wales, Henry R. Wales and Jane Wales, in pursuance of the terms of the will of the said Gideon Wales (reciting same), * * That the said sum be invested with W. & R. Stout & Brother, and that they execute a bond for the payment thereof ” (reciting terms).
Second. The decree . entered thereon • adjudged that “$4,000 is the one-tenth part of the estate,” etc.; that “the defendants Reuben H. Wales, Blake G. Wales and Charlotte G. Wales as executors and executrix of the last will and testament of Gideon Wales, deceased, set apart and invest said sum of $4,000 for the uses and purposes specified in said will. * * * That said sum of $4,000 be invested by said executors and executrix with the firm of W. & R. Stout & Brother, and that they take from said firm as the evidence of said investment, and as security for the payment thereof, and of the interest thereon, the personal bond of the members of said firm,” etc. “And it is further adjudged that the setting apart and investment of the sum of money (meaning the $4,000) * * * be •and hereby is accepted as and in lieu of a full and formal accounting of said executors as demanded in the complaint herein.”
The complaint as originally filed claimed an enforcement of this decree, by requiring, first, the investment of the $4,000 by the executors, and second, by the defendants Stout giving them their bond therefor. Other evidence confirms this view, but the whole theory of the plaintiffs’ case is that the Stouts agreed to give the bond specified in the stipulation and the decree, and that they did not agree to give any other. That bond was to be given upon the investment with them by the executors or otherwise of the sum of $4,000. That investment has not been made. The effort to compel the executors to make it has been aban *301 doned, but the bond is nevertheless exacted and its execution and delivery decreed.
I have examined the able and ingenious argument of the plaintiff’s counsel, and the elaborate opinion of the learned referee, and with the more care because this finding is at apparent variance with the requirements of the documentary evidence. They in no way eliminate from the stipulation and decree, the fact that the Stouts were to give the bond upon the $4,000 being invested with them.
Much stress is placed upon oral testimony to the effect that the Stouts in negotiating the settlement offered to give this bond, and did not always mention the fact that the investment was to be made with or secured by the executors to them. But the oral testimony standing alone leads to the conclusions that the Stouts ‘before they should rive their bond expected some indemnity. It is plain that all the participants in the settlement expected .that the executors would protect the Stouts.
There are other important questions in the case, but as this question of fact is vital, they need not be discussed.
Judgment reversed, complaint dismissed with costs of appeal.
Boches, P. J., Peckham, J., concur.